UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81603-CV-MATTHEWMAN

UBS FINANCIAL SERVICES, INC.,

    Plaintiff,

v.

BOUNTY GAIN ENTERPRISES, INC.,

    Defendant.
_____/



## ORDER ON BOUNTY GAIN ENTERPRISES, INC.'S MOTION FOR RELIEF FROM ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Defendant, Bounty Gain Enterprises, Inc.'s ("Bounty Gain") Motion for Relief from Order Granting Plaintiff's Motion for Preliminary Injunction ("Motion") [DE 137]. Plaintiff, UBS Financial Services, Inc. ("UBSFS") filed a Response in Opposition [DE 144], Bounty Gain filed a Reply [DE 145], and UBSFS filed a Surreply [DE 146]. The Court held a hearing on the matter on December 7, 2016. The matter is now ripe for review.

### I.    BACKGROUND

On December 24, 2014, UBSFS filed a Complaint for Declaratory Judgment and Injunctive Relief [DE 1] against Bounty Gain asserting that it is not required to submit to FINRA arbitration with Bounty Gain because Bounty Gain was never a customer of UBSFS. After an evidentiary hearing, a Preliminary Injunction was entered on November 19, 2015, stating "UBSFS is not required to submit to FINRA arbitration." *See* DE 59, p. 4. After the evidentiary hearing, but shortly before the Court entered the Order on the preliminary injunction, Bounty

1

Gain filed an Amended Statement of Claim in the FINRA arbitration, adding Roger Sen Boom Lam a/k/a Roger Lam as a party to the arbitration, who worked for UBSFS at the time Bounty Gain's claims arose. *See* DE 55.

Subsequent to receiving the Court's Preliminary Injunction Order [DE 59], FINRA Dispute Resolution stated that Bounty Gain was "enjoined from proceeding in this arbitration against both Respondents UBS Financial Services, Inc. and Roger Sen Boom Lam. Therefore, Bounty Gain Enterprises will remain inactive in this matter absent a Court order expressly stating otherwise." *See* DE 137-4.

### A. Bounty Gain's Motion for Relief from Order Granting Plaintiff's Motion for Preliminary Injunction

Bounty Gain filed this Motion for Relief [DE 137] requesting entry of an "an Order relieving Bounty Gain from an unwritten and unintended consequence of this Court's November 19, 2015 Order Granting Plaintiff's Motion for Preliminary Injunction." [DE 137, p. 1]. Bounty Gain asks the Court specifically to clarify that the Preliminary Injunction Order does not apply to Roger Sen Boom Lam a/k/a Roger Lam, a former employee of UBSFS. *Id.* Bounty Gain claims that Roger Lam "must either accept this Court's jurisdiction (the power of which is protecting him from the FINRA arbitration) or reject it and appear individually in the FINRA proceeding." *Id.* at p. 2. According to Bounty Gain, FINRA Dispute Resolution intended to proceed with the FINRA arbitration solely against Roger Lam in his individual capacity, but UBSFS filed a brief asserting that Roger Lam could not be compelled to arbitrate because this Court's preliminary injunction extended to UBSFS's "respective officers, agents, servants, employees, and attorneys." *Id.* at pp. 3-4. FINRA Dispute Resolution then issued a letter preventing Bounty Gain from proceeding in the arbitration against both UBSFS and Roger Lam "absent a Court order expressly stating otherwise." *Id.* at p. 4. Bounty Gain argues that Roger Lam no longer

works for UBSFS and therefore the preliminary injunction does not apply to him. *Id.* at p. 5.

Bounty Gain asserts that "a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.* at p. 6. According to Bounty Gain, because UBSFS has consistently argued that this Court does not have jurisdiction over Roger Lam, the preliminary injunction Order is void as to Roger Lam, who is not a party to the proceeding in this Court. *Id.* Bounty Gain contends that Roger Lam is not subject to the preliminary injunction Order pursuant to Rule 65(d) because Lam is no longer an agent, servant, employee, or attorney of UBSFS, as Lam now works for UBS AG in Hong Kong. *Id.* at pp. 7-8. Therefore, Bounty Gain asks the Court to declare the November 19, 2015 Order Granting Plaintiff's Motion for Preliminary Injunction [DE 59] void as to Roger Lam, to instruct FINRA Dispute Resolution that Bounty Gain is not restrained from pursuing its claims against Roger Lam in the FINRA arbitration, and any other relief as the Court deems appropriate. *Id.* at pp. 8-9.

### B. UBSFS's Response

In its Response [DE 144], UBSFS claims that this Court's Preliminary Injunction Order stated that Bounty Gain cannot compel UBSFS or any associated person of UBSFS to arbitrate, which includes Roger Lam because he was a former financial advisor with UBSFS in Hong Kong. [DE 144, pp. 1-2]. According to UBSFS, the scope of this Court's Preliminary Injunction Order extends to UBSFS's officers, directors and attorneys, as well as persons in active concert with UBSFS, which includes Roger Lam. *Id.* at pp. 7-8. UBSFS contends that "injunctions affect non-parties to the case in which the injunction issues." *Id.* at p. 9. UBSFS also asserts that the Preliminary Injunction Order is not void as to Roger Lam and that Bounty Gain's cited cases are distinguishable from the instant case. *Id.* at pp. 10-11. Finally, UBSFS argues that Bounty

3

Gain "essentially seeks an order from this Court requiring FINRA Dispute Resolution to allow Bounty Gain to proceed with its claims against Mr. Lam." *Id.* at p. 12. UBSFS claims that this is improper because FINRA Dispute Resolution is not a party to this case. *Id.* Therefore, UBSFS asks that the Court deny the Motion. *Id.* at pp. 12-13.

### C. Bounty Gain's Reply

Bounty Gain reiterates in its Reply [DE 145] that UBSFS has argued that this Court does not have jurisdiction over Roger Lam; and therefore, Bounty Gain claims that the preliminary injunction Order is void as to him and does not preclude Bounty Gain from pursuing its claims against Roger Lam in the FINRA arbitration. [DE 145, pp. 2-3]. According to Bounty Gain, it only asks the Court to respond to FINRA Dispute Resolution's invitation to issue an order stating that Roger Lam is not subject to the Preliminary Injunction Order. *Id.* at p. 4. Bounty Gain contends that Roger Lam is not an employee of UBSFS and is not acting "in concert" with UBSFS. *Id.* at p. 5. According to Bounty Gain, it is merely asserting that UBSFS is stretching the bounds of the Preliminary Injunction Order beyond its intended scope and misrepresenting to FINRA Dispute Resolution that the Court intended to enjoin Bounty Gain from also pursuing arbitration against Roger Lam. *Id.* at p. 7.

### D. UBSFS's Surreply

UBSFS filed a Surreply [DE 146] re-alleging that the Court's Preliminary Injunction Order precluding Bounty Gain from arbitrating against UBSFS or any associated person of UBSFS applies to both UBSFS and Roger Lam. [DE 146, p. 2]. According to UBSFS, if FINRA Dispute Resolution had any questions regarding the Court's Preliminary Injunction Order, it could have sought clarification from this Court on its own. *Id.* at p. 4. UBSFS claims that "Bounty Gain has not established the existence of any written agreement to arbitrate with

4

UBSFS or any associated person of UBSFS, including Mr. Lam," which means Bounty Gain cannot force either to arbitrate. *Id.* at p. 5.

### E. The December 7, 2016 Hearing

At the hearing, each party approached the Motion from a different perspective. Bounty Gain's counsel claimed that this was a jurisdictional issue and that the Court needed to decide whether it had jurisdiction over Roger Lam in order to allow the Preliminary Injunction Order to apply to him. However, UBSFS contended that this was an issue of whether Roger Lam is included in the scope of the injunction under Rule 65(d) because, at the time the alleged claims arose, Roger Lam was an employee and "associated person" of UBSFS. Bounty Gain responded that the scope of the injunction under Rule 65(d) applies at the time the injunction is issued, not at the time the acts complained of took place. The Court took the matter under advisement.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Bounty Gain argues that "[b]ased on UBSFS's own arguments…the Preliminary Injunction Order is void as to non-party Mr. Lam and cannot reach him" because the Court did not have personal jurisdiction over Mr. Lam and because Mr. Lam is not a party to this action. [DE 137, p. 6].

Further, Federal Rule of Civil Procedure 65(d), titled "Contents and Scope of Every

5

Injunction and Restraining Order" states, in pertinent part:

> The order binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

Fed.R.Civ.P. 65(d)(2). Although Roger Lam is not currently an employee of UBSFS, he was working for UBSFS Hong Kong during the time that Bounty Gain's alleged claims arose. *See* DE 43, pp. 28, 32.

### III.   DISCUSSION

In reference to Rule 65(d), the Supreme Court has stated:

> This is derived from the common law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control. In essence it is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding.

*Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945). A reading of the case law related to Rule 65(d)(2) reveals that it was meant to refer to the scope of an injunction and the parties that it binds, or enjoins, not necessarily the parties that it protects.

Bounty Gain would like for the Court to declare that the Preliminary Injunction Order does not apply to Roger Lam because Roger Lam was not named in the Preliminary Injunction Order and because this Court allegedly does not have jurisdiction over Roger Lam. However, the Court does not see this as a jurisdictional issue.

Bounty Gain filed a FINRA arbitration claim against UBSFS, and later, Roger Lam. Roger Lam was only added as a party to the FINRA arbitration after conclusion of the evidentiary hearing on the preliminary injunction, after the undersigned issued a Report and Recommendation, and shortly before the Court issued its Preliminary Injunction Order. The Preliminary Injunction Order was issued in order to prohibit Bounty Gain from forcing UBSFS

to arbitrate because, *inter alia,* UBSFS demonstrated that it had a substantial likelihood of success on the merits as it had shown that Bounty Gain's claim is not arbitable against UBSFS due to the fact that Bounty Gain was never a customer of UBSFS, or an associated person of UBSFS, under the FINRA Rules. *See* DE 43, p. 36.

Although Judge Marra's 4-page Preliminary Injunction Order [DE 59] adopting and affirming the Report and Recommendation does not mention Roger Lam, the undersigned's Report and Recommendation [DE 43] does find that Roger Lam, as a representative of UBSFS, handled an account for Mr. Cheung but did not handle any account for Bounty Gain. In other words, Roger Lam acted as "an associated person" of a FINRA member in handling Mr. Cheung's account, but did not handle any account for Bounty Gain. An associated person includes "a person formerly associated with a member." FINRA Rule 13100(r). Therefore, Roger Lam was, and still is, an associated person of UBSFS.

The Court sees no difference between Bounty Gain forcing UBSFS to arbitrate in the FINRA arbitration and Bounty Gain forcing Roger Lam to arbitrate in the FINRA arbitration. A preliminary injunction "must be broad enough to be effective, and the appropriate scope of the injunction is left to the district court's sound discretion." *Russian Media Group, LLC v. Cable America, Inc.*, 589 F.3d 302, 307 (7th Cir. 2010). Bounty Gain's claims against Roger Lam in the FINRA arbitration arise out of the same exact set of factual circumstances as its claims against UBSFS in the FINRA arbitration. Therefore, Bounty Gain attempts to make a distinction without a difference. The Preliminary Injunction Order would apply to Roger Lam equally as it does to UBSFS.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, it is hereby **ORDERED** that Bounty Gain's Motion for Relief

from Order Granting Plaintiff's Motion for Preliminary Injunction [DE 137] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 27th day of December, 2016.

> _____
> WILLIAM MATTHEWMAN
> UNITED STATES MAGISTRATE JUDGE