UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81603-CV-MATTHEWMAN

UBS FINANCIAL SERVICES, INC.,

    Plaintiff,

v.

BOUNTY GAIN ENTERPRISES, INC.,

    Defendant.
_____/



## ORDER DENYING PLAINTIFF'S MOTION TO PRECLUDE TRIAL TESTIMONY BY DEFENDANT'S EXPERT, GENE CARASICK

**THIS CAUSE** is before the Court upon Plaintiff, UBS Financial Services, Inc.'s ("UBSFS") Motion to Preclude Trial Testimony by Defendant's Expert, Gene Carasick ("Motion") [DE 160].[1] Defendant, Bounty Gain Enterprises, Inc. ("Bounty Gain") filed a Response in Opposition [DE 172] and UBSFS filed a Reply [DE 176]. The matter is now ripe for review.

### I.    BACKGROUND

On December 24, 2014, UBSFS filed a Complaint for Declaratory Judgment and Injunctive Relief [DE 1] against Bounty Gain asserting that it is not required to submit to FINRA arbitration with Bounty Gain because Bounty Gain was never a customer of UBSFS. After an evidentiary hearing, a Preliminary Injunction was entered on November 19, 2015. *See* DE 59. A bench trial on the permanent injunctive relief and declaratory judgment sought by UBSFS is scheduled for the 5-day trial calendar beginning on May 22, 2017. *See* DE 153.

Through this Motion in Limine, UBSFS seeks to preclude Gene Carasick from testifying

---

[1] Both Docket Entries 159 and 160 appear to be the identical Motion filed in duplicate by error. Therefore, the Court will deny the first Motion [DE 159] as moot and consider the merits of the second Motion [DE 160] in this Order.

at trial regarding FINRA Rule 12200.[2] [DE 160, p. 1]. Plaintiff argues that the "case law reserves to the Court any decision as to whether parties to a dispute are required to arbitrate;" therefore Mr. Carasick's testimony is improper because he cannot direct the Court to its conclusion on the dispositive issues in this case. [DE 160, p. 2]. Additionally, UBSFS argues that Mr. Carasick is unqualified to testify as an expert in regard to FINRA Rule 12200 and Mr. Carasick's testimony would be irrelevant because Mr. Carasick does not accept "the factual analysis and legal standard applicable to determining customer status under FINRA Rule 12200." *Id.*

In opposition, Bounty Gain maintains that the Court should allow Mr. Carasick to testify at trial as he is highly qualified as an expert in this matter and the subjects on which he is anticipated to testify would not impermissibly impede upon the province of this Court. [DE 172, p. 3]. Bounty Gain contends that UBSFS' own rebuttal expert witness in this case, David Paulukaitis, has attested to the qualifications of Mr. Carasick in a separate case. *Id.* Moreover, according to Bounty Gain, Mr. Carasick has "embraced the legal applicable standards and relevant facts." [DE 172, p. 6]. Finally, Bounty Gain claims that, because there is no jury in this case, there is no need to insulate the trier of fact from unduly influential expert testimony. [DE 172, p. 9]. Bounty Gain requests that the Court deny UBSFS' Motion and enter sanctions against UBSFS and/or its counsel under 28, U.S.C § 1927 for "unreasonably and vexatiously multiplying the proceedings with the frivolous, foundation-less Motion." *Id.*

## II. LEGAL STANDARD

Pursuant to Federal Rule of Evidence 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

---

[2] UBSFS also claims that if this Court precludes Gene Carasick from testifying then there will be no need for their rebuttal expert witness, David Paulukaitis, to testify. [DE 160, p. 1].

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

"Rule 702 requires district courts to ensure 'that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Berner v. Carnival Corp.*, 632 F. Supp. 2d 1208, 1210 (S.D. Fla. 2009) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)). The Eleventh Circuit "has previously held that expert testimony may be admitted if three requirements are met. First, the expert must be qualified to testify competently regarding the matter he or she intends to address. Second, the methodology used must be reliable as determined by a *Daubert* inquiry. Third, the testimony must assist the trier of fact through the application of expertise to understand the evidence or determine a fact in issue." *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010). The burden of satisfying each of these three requirements is on the party offering the expert to show by a preponderance of the evidence. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1292 (11th Cir. 2005).

"*Daubert* requires that trial courts act as 'gatekeepers' to ensure that speculative, unreliable expert testimony does not reach the jury." *Kilpatrick*, 613 F.3d at 1335. "The trial court must 'make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Id.* (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)). The Eleventh Circuit's *Daubert* standard is flexible and affords broad latitude to the trial court. *Horrillo v. Cook Inc.,*No. 08-60931-CIV, 2014 WL 2708498, *2-3 (S.D. Fla. June 6, 2014), judgment *aff'd* 664 Fed. Appx. 874 (11th Cir. 2016).

Further, with a bench trial, the district court "enjoys extremely broad discretion to admit

3

expert testimony because there are no longer concerns about 'dumping a barrage of questionable scientific evidence on a jury.'" *Exim Brickell, LLC v. Bariven, S.A.*, CASE NO. 09-CV-20915-GOLD/McALILEY, 2011 WL 13131317, *2 (S.D. Fla. Mar. 11, 2011) (quoting *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1310 (11th Cir. 1999)). In a bench trial, "traditional concerns involved with introducing expert testimony based on disputed factual assumptions during a jury trial are greatly reduced." *Id.* at *4.

### III. DISCUSSION

First, Mr. Carasick appears to qualify as an expert competent to testify regarding the matter he intends to address. In *Remington v. Newbridge Securities Corp.*, No. 13-60384-CIV, 2014 WL 505153 (S.D. Fla. Feb. 7, 2014), which involved plaintiff-customers who were allegedly charged excessive fees by their former securities broker-dealer, the court held that "[Gene] Carasick was qualified to testify as an expert witness on regulation of the securities industry." *Id.* at *3. The court reasoned that Mr. Carasick, the same expert offered in this case, had experience working at FINRA for eighteen years and prosecuting over 400 disciplinary actions relating to almost every aspect of FINRA and SEC rules and regulations. *Id.* Moreover, the rebuttal expert in that case—the same rebuttal expert witness in this case, David Paulukaitis—testified that he had the highest regard for Mr. Carasick. *Id.* The court there also found that Mr. Carasick's lack of involvement in handling the specific type of issue involved in that case did not impact his expertise because "[a]n expert may testify regarding narrow sub-topics within his broader expertise—notwithstanding a lack of specific experience with the narrower area—as long as his testimony would still assist a trier of fact." *Id.* at *4.

Here, in similar fashion, the Court finds that Mr. Carasick, who prosecuted cases at FINRA, may offer testimony in regard to FINRA Rule 12200. UBSFS argues that Mr. Carasick does not have sufficient experience regarding customer status under FINRA Rule 12200 to

4

testify at trial. However, as the court in *Remington* found, an expert can testify regarding narrow sub-topics within his broader area of expertise. *Id.* at *4. Although Mr. Carasick testified at his deposition that he has never testified at a trial in regard to FINRA Rule 12200 and did not have any role in reviewing, approving, or implementing FINRA Rule 12200 or it predecessor, he worked at FINRA for more than eighteen years prosecuting cases. Therefore, Mr. Carasick's experience provides a reasonable basis for his proposed testimony on FINRA Rule 12200. *Id.* at *3. The Court will determine what weight, if any, to afford the expert testimony after hearing all the trial testimony and reviewing all the evidence.

Moreover, as discussed above, because this is a bench trial, there is no risk that the jury will be confused or improperly influenced by Mr. Carasick's testimony. The Court will make its own determination as to whose opinions are proper and which witnesses are credible.

Recently, in *Pictet Overseas, Inc. v. Helvetia Trust*, 13-81088-CIV-KAM (S.D. Fla. Jan. 4, 2017), there was a similar motion in limine filed prior to the bench trial. During the bench trial, the court allowed the party offering the expert witness to question the witness on his qualifications and tender him as an expert witness and then allowed the opposing party *voir dire* examination of the witness. The Court found that the witness had sufficient expertise in the area to opine on the issue of associated person under the FINRA Rules despite the fact that the expert witness did not have experience testifying on the specific narrow area of expertise in that case. Similarly here, at trial, the Court will allow Bounty Gain to question Mr. Carasick on his qualifications and tender him as an expert witness and then allow UBSFS *voir dire* examination of Mr. Carasick, if necessary. The Court will be the final arbiter of the admissibility of any expert testimony at trial and the weight, if any, assigned to the expert testimony.

Second, Mr. Carasick's testimony regarding FINRA Rule 12200 is not an impermissible legal conclusion. UBSFS claims that Mr. Carasick should not be able to testify as to the legal

implications of the conduct at issue in this case because the Court is the sole source of the applicable law. While UBSFS is correct that the Court is the sole source of the applicable law in this case, Mr. Carasick will testify as to his interpretation of FINRA Rule 12200 and how that interpretation applies to the factual circumstances of this case. Mr. Carasick's interpretation of FINRA Rule 12200 may assist the Court in understanding how the Rule is interpreted and in determining certain facts at issue in this trial. As the court in *Remington* pointed out, "FINRA's rules…are not law, but rather the rules of a private organization, thus an expert's interpretation of the rules does not encroach upon the Court's domain." *Remington*, 2014 WL 505153 at *5. The Court will not permit any allegedly improper expert testimony to encroach upon the Court's domain.

## IV. CONCLUSION

Therefore, UBSFS has shown by a preponderance of the evidence that Mr. Carasick is qualified to testify as an expert regarding FINRA Rule 12200 in this case. In light of the foregoing, and based upon the parties' filings, as well as the applicable rules, statutes, and case law, UBSFS' Motion to Preclude Trial Testimony by Defendant's Expert, Gene Carasick [DE 160] is **DENIED**. As stated above, UBSFS' identical Motion [DE 159] is **DENIED AS MOOT**. Bounty Gain's request for attorney's fees and costs against UBSFS and its counsel pursuant to 28 U.S.C. § 1927 [DE 172, p. 9] is also **DENIED** as there is no basis for such an award.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of April, 2017.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge